JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Ceralde

## DEFENDANTS

The Trustees of The University of Pennsylvania, and The University of Philadelphia

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | |      28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander      Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine      Injury Product | | ☐ 830 Patent ☐ 835 Patent - Abbreviated      New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product     Liability      Liability | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | **LABOR** |      Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | |      Protection Act |
| ☐ 195 Contract Product Liability |     Product Liability    ☐ 371 Truth in Lending |     Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal    ☐ 380 Other Personal     Injury      Property Damage | ☐ 720 Labor/Management     Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/      Exchange |
| | ☐ 362 Personal Injury -    ☐ 385 Property Damage     Medical Malpractice      Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical      Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation    ☐ 440 Other Civil Rights    **Habeas Corpus:** | |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure    ☐ 441 Voting    ☐ 463 Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment    ☒ 442 Employment    ☐ 510 Motions to Vacate | | |     or Defendant) |      Act/Review or Appeal of |
| ☐ 240 Torts to Land    ☐ 443 Housing/      Sentence | | | ☐ 871 IRS—Third Party |      Agency Decision |
| ☐ 245 Tort Product Liability     Accommodations    ☐ 530 General | | |      26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property    ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty     Employment    **Other:** | | **IMMIGRATION** | |      State Statutes |
| ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other     Other    ☐ 550 Civil Rights | | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| ☐ 448 Education    ☐ 555 Prison Condition | |      Actions | | |
| ☐ 560 Civil Detainee -      Conditions of      Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621 ; 43 P.S. § 951; Phila. Code § 9-1101
Brief description of cause:
Plaintiff was discriminated and retaliated against based on his age in violation of local, state, and federal law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
09/03/2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Elkins Park, PA 19027 _____

Address of Defendant: _____ 3451 Walnut Street Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/03/2021     _____     319009
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Fernando I. Rivera _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 09/03/2021     _____     319009
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| John Ceralde | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| The Trustees of The University of Pennsylvania, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 09/03/2021 | | Plaintiff, John Ceralde |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | rivera@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **JOHN CERALDE**<br>Elkins Park, PA 19027 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.** |
| | : | |
| **THE TRUSTEES OF THE UNIVERSITY**<br>**OF PENNSYLVANIA**<br>3451 Walnut Street<br>Philadelphia, PA 19104 | : | |
| and, | : | |
| **THE UNIVERSITY OF**<br>**PHILADELPHIA**<br>235 South 33rd Street<br>Philadelphia, PA 19104 | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.      INTRODUCTION

Plaintiff, John Ceralde ("Plaintiff"), brings this action against Defendants, the Trustees of the University of Pennsylvania, and the University of Pennsylvania (collectively, "Defendants"), for unlawful age discrimination and retaliation in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks damages, including back pay, front pay, compensatory, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

II.    **PARTIES**

1.      Plaintiff is an individual and a citizen of Pennsylvania.

2.      Plaintiff was fifty-eight (58) years of age at the time of his termination from Defendants.

3.      Defendant the Trustees of the University of Pennsylvania is a non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Philadelphia, PA.

4.      Defendant the University of Pennsylvania is a non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Philadelphia, PA.

5.      Defendants engage in an industry affecting interstate commerce that regularly does business in Pennsylvania and with entities and individuals in Pennsylvania, including, but not limited to, employing residents of Pennsylvania.

6.      At all times material hereto, Plaintiff worked out of Defendants' main campus in Philadelphia, PA.

7.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

8.      At all times material hereto, Defendant acted as an "Employer" within the meaning of the statutes that form the basis of this matter.

9.     At all times material hereto, Plaintiff was an "Employee" of Defendant within the meaning of the statutes that form the basis of this matter.

**III.    JURISDICTION AND VENUE**

10.     The causes of action that form the basis of this matter arise under the ADEA, the PHRA, and the PFPO.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

12.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

13.     The District Court has jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

15.     On or about December 4, 2020, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein (the "Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

16.     On June 8, 2021, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff was hired by Defendants on or about September 1, 2001.

19.     At the time of his termination, Plaintiff held the position of Head Coach of the Women's Gymnastics team.

20.     At the time of his termination, Plaintiff reported directly to Lauren Procopio ("Procopio") (approximately 32 years old at the time), Assistant Athletic Director; Procopio reported to Rudy Fuller ("Fuller") (approximately 50 years old at the time), Senior Associate Athletic Director, and Fuller reported to Grace Calhoun ("Calhoun") (approximately 50 years old at the time), Athletic Director.

21.     At the time of his termination, Plaintiff was the oldest employee reporting directly to Procopio.

22.     In or around July of 2018, certain of Plaintiff's job duties and responsibilities were removed and assigned to Kirsten Strausbaugh Becker ("Becker") (approximately 27 years old at the time), Assistant Coach, and Brittney Williams Miller ("Miller") (approximately 30 years old at the time), Volunteer Assistant Coach.

23.     Defendant's stated reason for removing some of Plaintiff's job duties and responsibilities in July of 2018 was that Assistant Coaches were complaining that Plaintiff's style was "outdated."

24.     Plaintiff was more qualified to perform his job duties and responsibilities than Becker and Miller, who were substantially younger employees.

25.     In or around July of 2018, while Plaintiff was still reporting to Scott Ward ("Ward") (approximately 45 at the time), Senior Associate Director and Chief of Operations,

4

Ward instructed Plaintiff to take a step back from coaching because the "Assistant Coaches should do the coaching" (or words to that effect).

26.     In or around September of 2018, Plaintiff began reporting directly to Procopio.

27.     Plaintiff was the oldest employee reporting directly to Procopio in September of 2018.

28.     Upon reporting to Procopio, Procopio began excluding Plaintiff from meetings and discussions to which he used to be required to participate in.

29.     Upon reporting to Procopio, Procopio began discussing items with Plaintiff's direct reports that should have involved him, including, but not limited to, conducting player mental wellness evaluations, and holding staff meetings.

30.     In or around September of 2018, Plaintiff's direct reports began circumventing Plaintiff's authority and discussing items directly with Procopio that should have been addressed with Plaintiff.

31.     Throughout 2018, Assistant Coaches and student-athletics would comment to Plaintiff that he was "old school."

32.     Throughout 2018, Assistant Coaches and student-athletics would comment to Plaintiff that his techniques were "old."

33.     Throughout 2018, Assistant Coaches and student-athletics would comment to Plaintiff that coaches and student-athletics should not listen to him.

34.     On or about July 11, 2019, without any warning or notice, in a meeting with Procopio, Fuller, and Ufuoma Pela ("Pela") (approximately 45 at the time), Associate Director and Human Resources, Plaintiff was placed on a Performance Improvement Plan (the "PIP").

35.     Plaintiff's performance did not warrant the issuance of the PIP.

36.     The PIP contained false statements and misrepresentations related to his performance.

37.     Defendants' stated reason for placing Plaintiff on a PIP was that coaches and students were complaining about him.

38.     During the meeting in which he was issued the PIP, Plaintiff complained to Procopio, Fuller, and Pela that felt he was being discriminated against because of his age.

39.     Specifically, Plaintiff complained to Procopio, Fuller, and Pela that assistant coaches and student-athletics were commenting that he was "old school," that his techniques were "old," and that his style was "outdated."

40.     During the meeting in which he was issued the PIP, Plaintiff asked Procopio to investigate his complaints of age discrimination.

41.     Defendants failed to remedy or prevent the age discrimination against Plaintiff.

42.     Defendants failed to investigate Plaintiff's complaints of age discrimination.

43.     On July 14, 2019, in an email to Procopio, Fuller, and Pela, Plaintiff again expressed his concerns that the PIP was discriminatory and that he felt he was being performance managed out due to his age.

44.     Defendants failed to remedy or prevent the age discrimination against Plaintiff.

45.     Defendants failed to investigate Plaintiff's complaints of age discrimination.

46.     On August 13, 2019, in a meeting with Calhoun, Plaintiff complained of age discrimination in connection with the PIP and how he was being treated.

47.     Specifically, Plaintiff complained that he believed that Defendants were pushing Plaintiff out because of his age in order hire younger employees.

48.     In response, Calhoun told Plaintiff to focus on coaching.

49.     Defendants failed to remedy or prevent the age discrimination against Plaintiff.

50.     Defendants failed to investigate Plaintiff's complaints of age discrimination.

51.     On January 11, 2020, the PIP period ended.

52.     At the conclusion of the PIP period, Plaintiff was told that he met the requirements of the PIP and that the PIP was being lifted.

53.     On March 19, 2020, in a meeting with Fuller and Pela, Plaintiff was notified that Defendants would not be renewing Plaintiff's contract and that his employment would be terminated effective June 30, 2020 (the "Termination Meeting").

54.     Defendants' stated reason for terminating Plaintiff was that Defendants were moving in a different direction.

55.     During the Termination Meeting, in response to Plaintiff's questions regarding his termination, Fuller stated that "there were some complaints"; Pela interrupted Fuller before he could finish his statement.

56.     During the Termination Meeting, in response to Plaintiff's questions regarding complaints made against him, Fuller started to Plaintiff that, "this has nothing to do with your age."

57.     Defendants replaced Plaintiff with Becker, who was previously reporting to Plaintiff.

58.     Plaintiff was more qualified to perform as Head Coach than Becker, who was less qualified and substantially younger than Plaintiff, and did not engage in protected activity.

59.     Plaintiff's age (58) was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the hostile work environment to which he was subjected, and his termination.

60.     Plaintiff's complaints of age discrimination were determinative and/or motivating factors in in Defendants' retaliatory treatment of Plaintiff, including his termination.

61.     The discriminatory and retaliatory conduct of Defendants, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

62.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

63.     The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining about discrimination.

64.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

65.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights and warrants the imposition of punitive damages.

66.     The conduct of Defendants, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

67.     No previous application has been made for the relief requested herein.

## COUNT I
## (VIOLATION OF THE ADEA)

68.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

69.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADEA.

70.     Defendant's violation of the ADEA was intentional and willful under the circumstances, warranting the imposition of liquidated damages.

71.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

73.     No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF THE PHRA)

74.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

75.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

76.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

77.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

78.     No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE PFPO)

79.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

80.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

81.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

82.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

83.     Plaintiff is now suffering and will continue to suffer the irreparable injury and monetary damages as a result of Defendants' discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

        a.     declaring the acts and practices complained of herein to be a violation of the ADEA, the PHRA, and the PFPO;

     b.     enjoining and restraining permanently the violations alleged herein;

     c.     awarding Plaintiff damages for back pay, front pay, and pre- and post-judgment interest;

     d.     awarding compensatory damages to Plaintiff for past and future emotional distress and pain and suffering under the PHRA;

     e.     awarding liquidated damages under the ADEA;

     f.     awarding punitive damages under the PFPO;

     g.     awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

     h.     awarding Plaintiff such other damages as are appropriate under the ADEA, the PHRA, and the PFPO; and

     i.     granting such other and further relief as this Court deems appropriate.


Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**


By:    */s/ Fernando I. Rivera*
        FERNANDO I. RIVERA, ESQ.
        1525 Locust Street
        Philadelphia, PA 19102
        rivera@consolelaw.com (email)
        (215) 545-7676 (office)
        (856) 545-8211 (fax)

Dated: 9/3/2021         *Attorneys for Plaintiff*

11

# Exhibit A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ○ FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**John Ceralde** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮ | ▮▮▮▮▮ | ▮▮▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**University of Pennsylvania;**<br>**Trustees of University of Pennsylvania** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(215) 898-5000 |
|---|---|---|

| STREET ADDRESS<br>235 South 33rd Street | CITY, STATE AND ZIP<br>Philadelphia, PA 19104 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>○ Race  ○ Color  ○ Sex  ○ Religion  ○ National Origin<br>**X Retaliation   X Age**  ○ Disability  ○ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE |  |
|---|---|---|
| | *Earliest* | *Latest*  06/30/2020 |

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent on or about September 1, 2001. I last held the position of Head Coach for the Women's Gymnastics. I last reported to Lauren Procopio (32ᵃ), Assistant Athletic Director. Procopio reported to Rudy Fuller (50), Senior Associate Athletic Director. Fuller reported to Grace Calhoun (50), Athletic Director.

Respondent subjected me to a hostile work environment because of my age and/or my age discrimination complaints. Respondent terminated my employment because of my age and/or my age discrimination complaints. I was age fifty-eight (58) with more than nineteen (19) years of service at Respondent. Respondent replaced me with a less qualified, noncomplaining, substantially younger employee who had been reporting to me.

I demonstrated positive performance and dedication to Respondent. I performed my duties in a highly competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |

| Date:<br>12/3/2020   Charging Party *(Signature)*: | SIGNATURE OF COMPLAINANT |
|---|---|
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

ᵃ All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party –

2.    Harm Summary

I have been discriminated against because of my age (58) and retaliated against because of my age discrimination complaints.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a)  Before reporting to Procopio, I reported to Scott Ward (45), Senior Associate Director, Chief of Operations.

(b)  I was, to my knowledge, the oldest employee reporting to Ward.

(c)  In or about July 2018, certain of my job duties and responsibilities were removed from me and assigned to Kirsten Strausbaugh Becker (27), Assistant Coach, and Brittney Williams Miller (30), Volunteer Assistant Coach.  The stated reason was that Assistant Coaches were complaining that my style was "outdated."  I was more qualified to perform my job duties and responsibilities than the substantially younger employees to whom they were assigned.

(d)  In or about July 2018, Ward instructed me to take a step back from coaching.  The stated reason was that the Assistant Coaches should do the coaching.

(e)  In or about September 2018, I began reporting to Procopio.

(f)  I was the oldest employee reporting to Procopio.

(g)  Procopio excluded me, circumvented me, undermined me, and discussed with my direct reports items that should have involved me.

(h)  My direct reports circumvented me and discussed with Procopio items that should have involved me.

(i)  Employees and students commented that I was "old school."

(j)  Employees and students commented that my techniques were "old."

(k)  Employees and students commented that coaches and students should not listen to me.

(l)  On or about July 11, 2019, in a meeting with Procopio, Fuller, and Ufuoma Pela (45), Associate Director, Human Resources, I was placed on a Performance Improvement Plan ("PIP").  My performance did not warrant a PIP.  The PIP contained false statements and misrepresentations.  The stated reason for placing me on a PIP was that coaches and students were complaining about me.  I complained that felt I was being discriminated against because of my age.  I complained that employees were commenting that I was "old school," that my techniques were "old," and that my style was "outdated."

(m)  On July 14, 2019, in an email to Procopio, coping Pela and Fuller, I expressed my concerns about the PIP, and complained that I felt I was "being performance managed out due to my age."

(n)  Respondent failed to remedy or prevent the age discrimination against me.

(o)  Respondent failed to investigate my age discrimination complaints.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party –

(p) I complied with the terms of the PIP.

(q) On August 13, 2019, in a meeting with Calhoun, I complained of age discrimination in connection with the PIP and how I was being treated. I complained that I believed that Respondent was pushing me out because of my age in order hire younger employees. I complained that I felt I was being forced out because of my age. Calhoun told me to focus on coaching.

(r) Respondent failed to remedy or prevent the age discrimination against me.

(s) Respondent failed to investigate my age discrimination complaints.

(t) On January 11, 2020, my PIP ended.

(u) On March 19, 2020, in a meeting with Fuller and Pela, Respondent did not renew my contract and terminated my employment, effective June 30, 2020. The stated reason was that Respondent was moving in a different direction. Fuller stated that there were some complaints. Pela interrupted Fuller and stated that this had nothing to do with my age.

(v) Respondent terminated my employment because of my age.

(w) I had no opportunity to remain employed with Respondent.

(x) Respondent replaced me with Kirsten Strausbaugh Becker (27), who had been reporting to me. I was more qualified to perform my position than the less qualified, noncomplaining, substantially younger employee with whom I was replaced.

(y) Respondent's age discriminatory and retaliatory comments and conduct have caused me emotional distress.

B.    1.    Respondent's Stated Reasons

(a)    Respondent has not offered any explanation for subjecting me to a hostile work environment because of my age and/or my age discrimination complaints.

(b)    Respondent's stated reason for terminating my employment, that Respondent was moving in a different direction, is pretext for age discrimination and/or retaliation for complaining of age discrimination.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (58) and retaliated against me because of my age discrimination complaints in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, et seq. ("PFPO"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**John Ceralde v. University of Pennsylvania;
Trustees of University of Pennsylvania**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with
PHRC   protects your state rights, especially since there may be circumstances in which state
and federal laws   and procedures vary in a manner which would affect the outcome of your
case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe
are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it
will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge,
with   your signature under the verification below, will constitute filing with the PHRC. You
have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most
cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding,
you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory
agency,   the Respondent will not be required to file an answer with PHRC, and no other action
with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the
right to file   your complaint in state court. PHRC will inform you of these rights and
obligations at that time.

**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification
below into the attached EEOC complaint form and file it as my PHRC complaint. I request
EEOC to transmit it to PHRC.

_X_  *I understand that false statements in this complaint are made subject to the penalties of
18   Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   ~~_Ceralde_~~ 12/3/2020
Signature and Date

____   I do not want my charge dual filed with PHRC

_____
Signature and Date

# Exhibit B

EEOC Form 161 (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **John Ceralde**

█████████████████

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-00972** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

June 8, 2021

*Dana R. Hutter* (signature)

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

*(Date Issued)*

cc:

**Helen Logan**
**Sr. Admin of Legal Services**
**UNIVERSITY OF PENNSYLVANIA**
**2929 Walnut Street, Suite 400**
**Philadelphia, PA 19104**

**Derstine Friesen, Esq, Emily R**
**1525 Locust Street, 9th Floor**

**Philadelphia, PA 19102**